OPINION
On September 13, 2000, the city of Columbus filed a verified complaint for injunctive relief in the Environmental Division of the Franklin County Municipal Court. The named defendants were James R. Leickly, Marion W. Johnson and real property located at 2046 Margaret Street in Columbus. At the same time, the city of Columbus filed a motion requesting both a preliminary and a permanent injunction. The motion was scheduled for a hearing on October 19, 2000.
The complaint and motion were served by certified mail. Debra Leickly signed the return receipt. James Leickly appeared at the scheduled hearing and questioned whether he was an appropriate party in the lawsuit due to the fact that the property at 2046 Margaret Street was leased to Marion Johnson and was in the possession of Marion Johnson.
Two more status and scheduling conferences were held. At the third conference/hearing, the trial court granted Mr. Leickly leave to file a motion to dismiss the lawsuit as it pertained to him. Mr. Leickly filed the motion and the trial court granted it.
The city of Columbus has now pursued a direct appeal, assigning a single error for our consideration:
 The trial court erred to the prejudice of plaintiff-appellant by granting defendant-appellee's motion to dismiss.
The city submits two issues as appropriate for review:
 1. Whether the trial court may dismiss a complaint for injunctive relief when evidence was presented to show that as record deed holder of the property, Defendant-Appellee is ultimately responsible for complying with the standards set forth in the Columbus City Zoning Code?
 2. Whether the trial court may dismiss a complaint for injunctive relief when evidence was presented to show that Defendant-Appellee allowed the inoperable motor vehicle to stand or permitted it to remain on the property after he received notice of the zoning violation?
In the spring of 2000, a code enforcement officer with the city of Columbus noticed that an inoperable motor vehicle was being parked or stored at 2046 Margaret Street in apparent violation of Columbus City Code ("C.C.") Section 3342.225. The vehicle was titled to Marion Johnson. The real estate upon which the vehicle was found was owned by James R. Leickly but leased to Marion Johnson.
The code enforcement officer issued a zoning code violation order to Marion Johnson. When Mr. Johnson did not promptly have the vehicle removed, the city filed the lawsuit. Apparently, Mr. Leickly first learned of the vehicle and the zoning code violation after the lawsuit was served.
The trial court found that both Mr. Johnson and Mr. Leickly were owners of 2046 Margaret Street under the terms of C.C. 3303.15, which reads in pertinent part:
 "Owner" means any person, as defined in C.C. 3303.16, who is the owner of record as shown on the current tax list of the county auditor; the mortgage holder of record, if any, as shown in the mortgage records of the county recorder; and any purchaser under a land contract. "Owner" also means any person who has a freehold or lesser estate in the premises; a mortgagee or vendee in possession; or any person who has charge, care or control of the premises as agent, executor, administrator, assignee, receiver, trustee, guardian or lessee.
The trial court was clearly correct in its finding.
The trial court, however, found that Mr. Johnson was responsible for moving the motor vehicle titled to him but that Mr. Leickly was not. The trial court's finding was the result of its interpretation of C.C. 3305.08, which reads:
 The owner of premises subject to the provisions of this Zoning Code shall be responsible for compliance with the standards set forth herein and for the elimination of any violation found on the premises regardless of whether certain responsibilities may also be placed on operator or agents and regardless of any agreement between the owner and anyone else.
The trial court narrowed the scope of C.C. 3305.08 by a finding that not all owners are subject to the provision of C.C. 3342.225. C.C. 3342.225 reads:
 No person shall use any premises in any residential, apartment, or institutional use district, private or public parking district, or C1, C-2, C-3 or C-4 commercial use district for the purpose of parking or keeping an inoperable motor vehicle except when ancillary to a specifically permitted use in a C-4 Commercial District. As used in this section, "keeping an inoperable motor vehicle" means and includes storing, maintaining, collecting, depositing, reserving, allowing to stand, or permitting to remain, one or more inoperable motor vehicles at any place other than in an enclosed garage.
 For purposes of this section, a motor vehicle shall be deemed inoperable when any of the following conditions exist: one or more wheels are missing; one or more tires are missing; two or more tires are flat; one or more windows are missing or broken; the windshield is shattered or missing; parts necessary for the operation of the vehicle are missing; or a license with a distinctive number and valid for the current year is not displayed thereon.
The trial court noted that Mr. Leickly had not violated C.C. 3342.225 directly.
We note that Mr. Leickly could not be said to have somehow aided Mr. Johnson in violating C.C. 3342.225. Under those circumstances, Mr. Leickly could not have entered the property in the sole possession of Mr. Johnson and could not have removed the motor vehicle which was solely owned by Mr. Johnson. Mr. Leickly's only remedy would have been to evict Mr. Johnson and have Mr. Johnson's vehicle removed after Mr. Leickly regained possession of the premises. However, the city of Columbus filed suit before Mr. Leickly could take any such action and, as noted by the trial court, the city of Columbus did not notify Mr. Leickly of the problem before filing suit.
The trial court further observed that approximately six weeks after the lawsuit was filed and served, Mr. Johnson had the vehicle removed.
The trial court was clearly correct to exercise its discretion and refuse to punish Mr. Leickly for his failing to do the impossible. If the city of Columbus wishes to hold landlords who are out of possession legally responsible for the presence on the premises of motor vehicles they do not own, the city of Columbus must provide ample notice of the problem and time for the landlords to communicate with their lessees. The city even needs to allow time for the landlord to evict the lessees if communication does not solve the problem. If notice and time to remedy the problem are not provided, the city will need to direct its lawsuits against the tenants who actually own the illegally parked vehicle and are in possession of the real estate where the vehicle is parked or stored.
The sole assignment of error is overruled.
The judgment of the trial court dismissing James R. Leickly as a party to the lawsuit is affirmed.
 ____________________________ TYACK, J.
BRYANT, P.J., and PETREE, J., concur.